UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY<br>Plaintiff, | : | |
| vs. | : | C.A. No. |
| UNITED STATES FIRE INSURANCE COMPANY<br>Defendant. | : | |

## ANSWER

Defendant, United States Fire Insurance Company ("U.S. Fire"), through its undersigned attorneys, by way of Answer to the Complaint of Castle Equipment Company ("Plaintiff") alleges and says:

1. U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore leaves Plaintiff to its proof.

2. U.S. Fire admits only that it is a corporation organized and existing by virtue of the laws of the State of Delaware and, at all time relevant hereto, was licensed to transact business in the Commonwealth of Massachusetts.

3. U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore leaves Plaintiff to its proof.

4. U.S. Fire admits only that it, as surety, issued a Construction Payment Bond on behalf of South Shore Utility Contractors, Inc. ("South Shore"), as principal, for a construction

project located in the City of New Bedford known as "Earle Street Sewer Separation." (the "Project"), and respectfully refers to the bond for its true terms and conditions.

5. U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore leaves Plaintiff to its proof.

6. U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore leaves Plaintiff to its proof.

7. U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore leaves Plaintiff to its proof.

8. U.S. Fire admits only that it has received a claim for payment from Plaintiff and that U.S. Fire has not made payment to Plaintiff. U.S. Fire denies that there is any amount due from U.S. Fire to Plaintiff.

9. U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore leaves Plaintiff to its proof.

10. U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore leaves Plaintiff to its proof.

**WHEREFORE**, U.S. Fire demands judgment dismissing Plaintiff's Complaint and awarding U.S. Fire the costs and disbursements of this action along with such other and further relief as the Court may deem just and proper.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against U.S. Fire upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

U.S. Fire's liability, if any, is limited to the penal sum of its bond, and to the extent that any other entity is entitled to the proceeds of those bonds, Plaintiff's entitlement, if any, is limited to its proportional share.

**THIRD AFFIRMATIVE DEFENSE**

The debt alleged by Plaintiff is subject to the defenses of the bond principal and U.S. Fire incorporates each one of those defenses by reference and is entitled to the benefit of same as a defense barring or limiting any action against any bond issued by U.S. Fire.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff is not a proper claimant under any bond issued by U.S. Fire.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim against U.S. Fire is barred and limited by the failure of Plaintiff to comply with statutory and/or contractual conditions precedent to bringing this action.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff is estopped by its conduct from bringing this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire by reason of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff failed to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim against U.S. Fire is barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire by reason of accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire because Plaintiff is controlled by the same individual who controls the bond principal.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim must be dismissed against U.S. Fire by reason of release and/or assignment.

**RESERVATION OF RIGHTS**

U.S. Fire reserves its right to amend its Answer to the Complaint to assert additional Affirmative Defenses upon the completion of investigation and discovery herein.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant,
By its Attorneys,

Stephen J. Brouillard, Esq. # 649447
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2007, this document has been served by first class mail, postage prepaid, on the following individuals:

Scott K. DeMello, Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886