**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

FILED IN CLERKS OFFICE
2007 APR 11 P 12: 12
U.S. DISTRICT COURT DISTRICT OF MASS.

# BRCV2007-00357
# Castle Equipment Company v United States Fire Insurance Company

| | | | |
|---|---|---|---|
| **File Date** | 03/02/2007 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/10/2007 | **Session** | B - CtRm 2 - (Fall River) |
| **Origin** | 1 - Complaint | **Case Type** | E09 - General contractor surety (149.029) |
| **Track** | A - Average track | **Lead Case** | |

**Jury Trial** No

## DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 06/30/2007 | 04/25/2008 | 02/19/2009 | 03/21/2009 | | |
| **Filed By** | 05/31/2007 | 06/30/2007 | 07/30/2007 | 05/25/2008 | | 04/20/2009 | | 02/14/2010 |
| **Heard By** | | | 08/29/2007 | 05/25/2008 | | | 08/18/2009 | |

## PARTIES

**Plaintiff**
Castle Equipment Company
Johnston, RI
Active 03/02/2007

**Private Counsel 566981**
Scott K DeMello
Lepizzera & Laprocina
301 Metro Center Blvd., Ste. 102
Warwick, RI 02886
Phone: 401-739-7397
Fax: 401-384-6950
Active 03/02/2007 Notify

**Defendant**
United States Fire Insurance Company
Service pending 03/02/2007

**Other interested party**
file copy
Active 03/02/2007 Notify

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/02/2007 | 1.0 | Complaint & civil action cover sheet filed |
| 03/02/2007 | | Origin 1, Type E09, Track A. |
| 03/05/2007 | | ONE TRIAL review by Clerk, Case to remain in Superior Court. |
| 04/10/2007 | 2.0 | Notice for Removal to the United States District Court filed by United States Fire Insurance Company |
| 04/10/2007 | | Case REMOVED this date to US District Court of Massachusetts |

## EVENTS

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**



## BRCV2007-00357
## Castle Equipment Company v United States Fire Insurance Company

| Date | Session | Event | Result |
|---|---|---|---|
| 03/02/2007 | CtRm 2 - (Fall River) | Status: by clerk<br>One Trial Review | Event held as scheduled |

A True Copy By Photostatic Process
Attest:
Asst. Clerk of Courts

**Commonwealth of Massachusetts**
**The Trial Court**
**Superior Court Department**

**Bristol, ss:** **Civil Action No:** B07-357

MAR - 2
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

**Castle Equipment Company,**
**Plaintiff**

**v.**

**United States Fire Insurance Company,**
**Defendant**

## COMPLAINT

1. Plaintiff, Castle Equipment Company (hereinafter "Castle") is a Rhode Island Corporation with a usual place of business located in Johnston, Rhode Island.

2. Defendant United States Fire Insurance Company (hereinafter "USFIC") is a surety company licenses to do business in the Commonwealth of Massachusetts.

3. Castle entered into a contract with South Shore Utility Contractors (hereinafter "South Shore") to lease and sell equipment for the Earle Street Sewer Project (hereinafter "Project") located in New Bedford, Massachusetts.

4. USFIC as surety and South Shore as principal issued a Payment Bond pursuant to G.L. c. 149, section 29 for the Project.

5. Castle leased and sold equipment to South Shore on the Project.

6. The cost of the equipment that Castle leased and sold to South Shore was $233,396.38.

7. South Shore has not made any payments to Castle for the equipment that it was sold and leased.

8. Castle made demand upon USFIC for payment of the outstanding sums and USFIC has not paid Castle.

9. This action has been brought within one (1) year of Castle last providing equipment to South Shore.

10. All conditions precedent to the maintenance of this action have been performed.

A True Copy By Photostatic Process
Attest:
Valerie K. Brodeur
Asst. Clerk of Courts

Wherefore, Castle Equipment Company demands judgment against USFIC for the full amount of its damages together with interest. attorney's fees and such other and further relief as this Court deems just and fair.

Respectfully submitted,

Scott K. DeMello (BBO#566981)
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

Dated March 2, 2007

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) B07-357 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S) Castle Equipment Company

DEFENDANT(S) United States Fire Insurance Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Scott K. DeMello Lepizzera & Laprocina, 301 Metro Center Blvd. Suite 102, Warwick, RI 02886

Board of Bar Overseers number: 566981

ATTORNEY (if known)

MAR - 2

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E09 | 149 §29 Bond | (A) | ( ) Yes (X) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . $ . . . . .
2. Total Doctor expenses . . . . . $ . . . . .
3. Total chiropractic expenses . . . . . $ . . . . .
4. Total physical therapy expenses . . . . . $ . . . . .
5. Total other expenses (describe) . . . . . $ . . . . .

Subtotal $ . . . . .

B. Documented lost wages and compensation to date . . . . . $ . . . . .
C. Documented property damages to date . . . . . $ . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . $ . . . . .
E. Reasonably anticipated lost wages . . . . . $ . . . . .
F. Other documented items of damages (describe)

$ . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ . . . . .

TOTAL $ . . . . .

## CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s): M.G.L. c. 149 §29 Bond Claim. Equipment provided on Public Project. Equipment supplier was not paid

TOTAL $. 233,396.38

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 3/2/07

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

BRISTOL, SS SUPERIOR COURT
FILED
APR 10 2007
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

**Commonwealth of Massachusetts**
**The Trial Court**
**Superior Court Department**

**Bristol, SS.**

CASTLE EQUIPMENT COMPANY,
Plaintiff,

vs.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant.

C.A. No. B07-357

**NOTICE OF FILING A NOTICE OF REMOVAL TO THE BRISTOL COUNTY SUPERIOR COURT AND TO ALL PARTIES TO THE ACTION HEREIN**

PLEASE TAKE NOTICE that on April 9, 2007 United States Fire Insurance Company filed a Notice of Removal of this action to the United States District Court for the District of Rhode Island pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. A true and correct copy of said Notice of Removal is attached hereto.

You are further advised that this Notice is served and filed pursuant to 28 U.S.C. § 1446(d) and that no further process shall proceed unless and until this case is remanded.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant,
By its Attorneys,

Stephen J. Brouillard, Esq. # 649447
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2007, this document has been served by first class mail, postage prepaid, on the following individuals:

Scott K. DeMello, Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2007 APR 10 A 10: 12
U.S. DISTRICT COURT
DISTRICT OF MASS.

CASTLE EQUIPMENT COMPANY, :
Plaintiff, :

vs. : C.A. No. 07 CA 10686 WGY

UNITED STATES FIRE INSURANCE :
COMPANY, :
Defendant. :

**NOTICE OF REMOVAL**

The Defendant, United States Fire Insurance Company ("U.S. Fire"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, for purposes of removing this case to the United States District Court for the District of Massachusetts states the following:

1. On or about March 2, 2007, Plaintiff, Castle Equipment Company, commenced a civil action against U.S. Fire in the Commonwealth of Massachusetts, Superior Court Dept. of the Trial Court, Bristol County, captioned Castle Equipment Company v. United States Fire Insurance Company, Civil Action No. B07-357 (the "State Court Action"). A copy of Plaintiff's Complaint (the "Complaint") is attached hereto as Exhibit A. The Complaint asserts one count against U.S. Fire sounding in contract. The nature of the Plaintiff's allegations is stated more fully in the Complaint. U.S. Fire denies any and all liability for the Plaintiff's claims and has valid defenses thereto. The above-described action is a civil action that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 based on diversity of citizenship.

2. The Complaint, Summons and Civil Cover Sheet constitute all process, pleadings and/or orders received by U.S. Fire to date within the meaning and intent of 28 U.S.C. § 1446.

3. On March 23, 2007, U.S. Fire received a copy of Plaintiff's Summons dated March 15, 2007, and a copy of the Complaint.

4. This Notice of Removal is timely filed. Section 1446(b) of Title 28 of the United States Code requires that a notice of removal be filed within thirty (30) days from receipt of a pleading establishing federal jurisdiction. Within thirty (30) days after U.S. Fire first received notice of the Summons and Complaint filed by Plaintiff in the State Court Action, U.S. Fire filed its Notice of Removal.

5. There is complete diversity of citizenship between the parties to this action such that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. As alleged in the Complaint, Plaintiff is a Rhode Island corporation having its principal place in Johnston, Rhode Island. U.S. Fire was at the time the State Court Action was commenced, and is presently, a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business located in Morristown, New Jersey. Therefore, U.S. Fire is entitled to remove this action pursuant to 28 U.S.C. § 1441.

6. The amount in controversy in this litigation is in excess of $75,000, exclusive of interest and costs, and is therefore properly removable. The Complaint alleges damages against U.S. Fire in the amount of $233,396.38 pursuant to the terms and conditions of a certain bond issued by U.S. Fire, as surety, on behalf of South Shore Utility Contractors, as principal, in connection with a construction project located in New Bedford, Massachusetts known as Earle Street Sewer Project.

7. The requirement under 28 U.S.C. § 1446(b) that all defendants join in the notice of removal has been satisfied as this Notice of Removal is filed on behalf of U.S. Fire and there are no other defendants named in the State Court Action.

8. The action is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that the captioned District Court sits in the district and division embracing the place where the State Court Action is pending.

9. Promptly after filing this Notice of Removal of the State Court Action, U.S. Fire will give written notice of such filing to the Plaintiff and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court Action, and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, U.S. Fire prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, and that this civil action proceed as if it had originally been commenced in the District Court.

SO NOTICED this 10th day of April 2007.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant,
By its Attorneys,

Stephen J. Brouillard, Esq. # 649447
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2007, this document has been served by first class mail, postage prepaid, on the following individuals:

Scott K. DeMello, Esq.
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. B07-357

[SEAL]

RECEIVED
MAR 23 2007
MELISSA AU MICK
SUPPORT DEPARTMENT

CASTLE EQUIPMENT COMPANY, Plaintiff (s)

v.

UNITED STATES FIRE INSURANCE COMPANY, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT — X
EQUITABLE RELIEF — OTHER.)

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Scott K. DeMello plaintiff's attorney, whose address is 301 Metro Center Blvd., #102, Warwick, RI; an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 15th day of March, in the year of our Lord two thousand and Seven.

Magistrate

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

SSC 24

EXHIBIT
A

03/28/2007 WED 10:34 [TX/RX NO 9714] 001

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) B07-357 | Trial Court of Massachusetts Superior Court Department County:________ |
|---|---|---|

PLAINTIFF(S) Castle Equipment Corp.

DEFENDANT(S) State Fire Insurance Company

BRISTOL, SS SUPERIOR COURT FILED MAR - 2 2007 MARC J. SANTOS, ESQ. CLERK/MAGISTRATE

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Scott K. DeMello Leppizzera & Laprocina, 301 Metro Center Blvd. Suite 102, Warwick, RI 02886

Board of Bar Overseers number: 566981

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E09 | 149 §29 Bond | (A) | ( ) Yes (X) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ $.........
2. Total Doctor expenses ........ $.........
3. Total chiropractic expenses ........ $.........
4. Total physical therapy expenses ........ $.........
5. Total other expenses (describe) ........ $.........

Subtotal $.........

B. Documented lost wages and compensation to date ........ $.........
C. Documented property damages to date ........ $.........
D. Reasonably anticipated future medical and hospital expenses ........ $.........
E. Reasonably anticipated lost wages ........ $.........
F. Other documented items of damages (describe)

$.........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$.........

TOTAL $.........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
M.G.L. c. 149 §29 Bond Claim. Equipment provided on Public Project. Equipment supplier was not paid

TOTAL $. 233,396.38

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ______________ DATE: 3/2/07

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

Commonwealth of Massachusetts
The Trial Court
Superior Court Department

Brist l, ss:

Civil Action No: B07-357

Castl : Equipm ent Company,
Plain iff

v.

Unite l States Fire Insurance Company,
Defei da nt

FILED
MAR - 2 2007
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## COMPLAINT

1. P aintiff, Castle Equipment Company (hereinafter "Castle") is a Rhode Island Corporation with a usual place of business located in Johnston, Rhode Island.

2. Defendant United States Fire Insurance Company (hereinafter "USFIC") is a surety company licenses to do business in the Commonwealth of Massachusetts.

3. Castle entered into a contract with South Shore Utility Contractors (hereinafter "South Shore") to lease and sell equipment for the Earle Street Sewer Project (hereinafter "Project") located in New Bedford, Massachusetts.

4. USFIC as surety and South Shore as principal issued a Payment Bond pursuant to G L. c. 149, section 29 for the Project.

5. Castle leased and sold equipment to South Shore on the Project.

6. The cost of the equipment that Castle leased and sold to South Shore was $233,396.38.

7. South Shore has not made any payments to Castle for the equipment that it was sold and leased.

8. Castle made demand upon USFIC for payment of the outstanding sums and USFIC has not paid Castle.

9. This action has been brought within one (1) year of Castle last providing equipment to South Shore.

10. All conditions precedent to the maintenance of this action have been performed.

Where ore, Cast e Equipment Company demands judgment against USFIC for the full amour of its damages together with interest, attorney's fees and such other and further relief a this Court deems just and fair.

Respe tfully submitted,

Scott I . DeMell (BBO#566981)
Lepizz ra & Lap rocina
301 M tro Center Blvd., Suite 102
Warwi k, RI 02886

Dated Aarch 2, 2007