UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. 07 cv 10686 WGY |

**DEFENDANT, UNITED STATES FIRE INSURANCE COMPANY'S, RULE 26 DISCLOSURES**

Defendant, United States Fire Insurance Company ("U.S. Fire"), through its undersigned counsel, provides the following disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure:

**1.** The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:** All parties to this action, their agents and employees, all individuals identified or mentioned in the documents produced in this litigation, all individuals identified or mentioned in any pleading or other document filed or produced in this action, and all persons who have performed any work or supplied any materials for use on the project. These individuals include, but are not limited to:

(a). Michael Belinski
Bond Claim Consultant
United States Fire Insurance Company
305 Madison Avenue
Morristown, New Jersey 07960

Subjects: General information regarding (i) Castle Equipment Company's ("Castle") payment bond claim, and (ii) U.S. Fire's investigation and denial of Castle's claim under the payment bond.

(b). James F. Bruno
Beacon Consulting Group
407R Mystic Avenue, Suite #32C
Medford, MA 02155

Subjects: The investigation of claims asserted against the payment bond issued by U.S. Fire on behalf of South Shore, including the claim asserted by Castle.

(c). Anthony F. Rosciti, Jr.
15 Morgan Ct.
Lincoln, Rhode Island

Subjects: Corporate ownership and related issues regarding Castle and South Shore Utility Contractors.

(d). Present and former employees of Castle who have knowledge of the facts related to this matter.

(e). Present and former employees of South Shore who have knowledge of the facts related to this matter.

U.S. Fire has not yet completed discovery, investigation or preparation for trial and so has not yet gathered a significant portion of the facts and documents related to this case, and thus reserves the right to supplement or amend this response if necessary.

**2.** A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of Defendant and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**RESPONSE:** All such documents in U.S. Fire's possession that are not confidential, privileged, or protected from disclosure that U.S. Fire may use to support its claims or defenses have been produced. U.S. Fire has not yet completed discovery, investigation or preparation for trial and so has not yet gathered all of the facts and/or documents related to this case, and thus reserves the right to supplement or amend this response if necessary.

**3.** A computation of any category of damages claimed by Defendant, making available for inspection and copying as required under Federal Rule of Civil Procedure 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which

such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:** U.S. Fire is not seeking damages against Castle at this time. U.S. Fire intends to file a Third-party Complaint against, among others, Anthony F. Rosciti, Jr., pursuant to the terms and conditions of a General Agreement of Indemnity (the "Indemnity Agreement"), executed by, among others, Anthony F. Rosciti, Jr., in favor of U.S. Fire as indemnitee. U.S. Fire has and will continue to incur losses, costs and expenses in connection with, among others, the claim asserted by Castle. Pursuant to the Indemnity Agreement, Anthony F. Rosciti, Jr. is individually responsible to indemnify and hold U.S. Fire harmless from any and all losses, costs and expenses incurred by U.S. Fire as a result of issuing bonds on behalf of South Shore. U.S. Fire is unable to provide a calculation of damages incurred because the damages are continuing to accrue.

U.S. Fire has not yet completed discovery, investigation or preparation for trial and so has not yet gathered a significant portion of the facts and documents related to this case, and thus reserves the right to supplement or amend this response if necessary.

**4.** For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** Not applicable.

**5.** Identification of experts and opinions.

**RESPONSE:** U.S. Fire does not currently anticipate engaging an expert witness in this matter. If and when U.S. Fire engages an expert witness, the identity and opinion of that expert witness will be provided.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant,
By its Attorneys,

/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. # 649447
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document (s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 29, 2007.

/s/ Stephen J. Brouillard