UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. 07 cv 10686 WGY |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND TO POSTPONE MEDIATION**

Defendant, United States Fire Insurance Company ("US Fire"), in the above-captioned matter submits this memorandum of law in support of its Assented-to Motion for Leave to File Third-Party Complaint and to Postpone Mediation. As grounds for Defendant's motion, this matter is not ripe for mediation, and a third-party should be impleaded to fully adjudicate the claims asserted in this case. **Plaintiff has no objection to the granting of this motion.**

Pursuant to the Court's October 31, 2007 Notice of ADR Conference, the parties may file an assented-to motion to continue the mediation. The parties hereto agree that this matter is not ripe for mediation at this time and respectfully request that the mediation be postponed for reasonable period of time to allow (i) a third-party to be impleaded, (ii) fact discovery to be completed, and (iii) a dispositive motion to be filed by Defendant and decided by this Court. The parties suggest that seventy-five (75) days will be sufficient to accomplish these tasks.

With regard to Defendant's request for leave to file a Third-Party Complaint, Anthony F. Rosciti, Jr. ("Rosciti") should be impleaded into this case for the following reasons. In consideration for and in order to induce U.S. Fire to issue bonds on behalf of South Shore Utility Contractors, Inc. ("South Shore"), Rosciti, among others, executed a certain General Agreement of Indemnity (the "Indemnity Agreement") pursuant to which he agreed to indemnify, exonerate

and to hold U.S. Fire harmless from and against all demands, losses, claims, damages, expenses and attorneys' fees of whatever kind or nature, sounding in contract, tort or otherwise, and any and all liability therefore sustained or incurred by U.S. Fire as a result of issuing any bonds on behalf of South Shore.

Following the execution of the Indemnity Agreement, U.S. Fire issued, among others, a payment bond (the "Payment Bond") on behalf of South Shore in connection with a construction project known as "Earle Street Sewer Separation" (the "Project"). Plaintiff, Castle Equipment Company ("Castle"), filed this action against U.S. Fire seeking to recover certain alleged damages in excess of $233,000.00 under the Payment Bond. Castle alleges that it rented certain equipment to South Shore in connection with the Project and that South Shore has failed to pay Castle for the equipment provided.

U.S. Fire has incurred losses, costs, damages, expenses and attorneys' fees to, among other things, investigate and complete the Project, to investigate and defend against and, where appropriate, satisfy the claims of South Shore's subcontractors who provided labor, supplies, and material in connection with the performance of the Project, and in connection with the investigation, defense, and satisfaction of claims, including the claim asserted by Castle. U.S. Fire expects to incur additional costs and expenses in connection with, among other things, the claim asserted by Castle, and will incur additional losses in the event it is determined that U.S. Fire is liable to Castle under the Payment Bond. Rosciti has failed to honor his obligations under the Indemnity Agreement.

Under the terms of the Indemnity Agreement, Rosciti also agreed, among other things, to deposit with U.S. Fire an amount of money equal to any reserve set by U.S. Fire in connection with any and all claims asserted against any bonds issued by U.S. Fire on behalf of South Shore,

and to convey collateral to U.S. Fire as security for the full performance of the Indemnity Agreement. In accordance with the terms of the Indemnity Agreement, U.S. Fire set up reserves to cover all claims, demands, liabilities, expenses, fees for counsel, consultants or experts under the bonds, including the claim asserted by Castle. Despite his obligations under the Indemnity Agreement, Rosciti has failed to deposit collateral with U.S. Fire as security for the claims asserted against the bonds, including the claim asserted by Castle. Therefore, US Fire should be granted leave to file a Third-Party Complaint against Rosciti, which was contemplated by the parties in the initial Scheduling Order entered by the Court in this matter.

By not objecting to this Motion, Plaintiff does not accept as true and it does not adopt any of Defendant's assertions contained in the Memorandum of Law or the Third Party Complaint and it specifically reserves the right to challenge any of said assertions in the future.

**WHEREFORE**, this Court should grant US Fire leave to file a Third-Party Complaint in the form attached hereto as **Exhibit A**, and postpone the January 9, 2008 mediation for reasonable period of time to allow (i) a third-party to be impleaded, (ii) fact discovery to be completed, and (iii) a dispositive motion to be filed by Defendant and decided by this Court.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant,
By its Attorneys,

/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. # 649447
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 3, 2008.

/s/ Stephen J. Brouillard