UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br>Defendant/Third-Party Plaintiff<br><br>vs.<br><br>ANTHONY F. ROSCITI, JR.,<br>Third-Party Defendant. | : | C.A. 07 cv 10686 WGY<br><br>**THIRD-PARTY COMPLAINT** |

Defendant/Third-Party Plaintiff, United States Fire Insurance Company ("U.S. Fire"), by and through its undersigned counsel, by way of Third-Party Complaint against Anthony F. Rosciti, Jr. ("Rosciti"), and with the consent of the Court, hereby alleges as follows:

## THE PARTIES

1. U.S. Fire is a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business in Morristown, New Jersey. U.S. Fire is authorized to transact a surety business in the State of Rhode Island.

2. Upon information and belief, Anthony F. Rosciti, Jr. is an individual residing at 15 Morgan Court, Lincoln, Rhode Island.

## JURISDICTION

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**FIRST COUNT**
**(Contractual Indemnification)**

4. U.S. Fire repeats the allegations of paragraphs 1 through 3 with the same force and effect as though set forth at length herein.

5. In consideration for and in order to induce U.S. Fire to issue bonds on behalf of South Shore Utility Contractors, Inc. ("South Shore"), Rosciti, among others, executed a certain General Agreement of Indemnity (the "Indemnity Agreement") pursuant to which he agreed to indemnify, exonerate and to hold U.S. Fire harmless from and against all demands, losses, claims, damages, expenses and attorneys' fees of whatever kind or nature, sounding in contract, tort or otherwise, and any and all liability therefore sustained or incurred by U.S. Fire as a result of issuing any bonds on behalf of South Shore. A true copy of the Indemnity Agreement is attached hereto as **Exhibit A**.

6. Following the execution of the Indemnity Agreement, U.S. Fire issued, among others, a payment bond (the "Payment Bond") on behalf of South Shore in connection with a construction project known as "Earle Street Sewer Separation" (the "Project").

7. Plaintiff, Castle Equipment Company ("Castle"), filed this action against U.S. Fire seeking to recover certain alleged damages in excess of $233,000.00 under the Payment Bond.

8. Castle alleges that it rented certain equipment to South Shore in connection with the Project and that South Shore has failed to pay Castle for the equipment provided.

9. U.S. Fire had incurred losses, costs, damages, expenses and attorneys' fees to, among other things, investigate and complete the Project, to investigate and defend against and, where appropriate, satisfy the claims of South Shore's subcontractors who provided labor, supplies, and material in connection with the performance of the Project, and in connection with

the investigation, defense, and satisfaction of claims, including the claim asserted by Castle.

10. U.S. Fire expects to incur additional costs and expenses in connection with, among other things, the claim asserted by Castle, and will incur additional losses in the event it is determined that U.S. Fire is liable to Castle under the Payment Bond.

11. Rosciti has failed to honor his obligations under the Indemnity Agreement.

**WHEREFORE**, U.S. Fire demands judgment against Rosciti:

a. for damages, together with appropriate interest thereon;

b. for an order, declaring Rosciti liable to U.S. Fire for all loss, costs, expenses, and attorneys' fees incurred or to be incurred by U.S. Fire as a result of, among others, the claim asserted by Castle;

c. for an order, compelling Rosciti to perform his obligations to U.S. Fire under the Indemnity Agreement; and

d. for an order compelling Rosciti to pay reasonable attorneys' fees, costs of suit, and any other relief that the Court deems just and proper.

**SECOND COUNT**
**(Demand for Collateral)**

12. U.S. Fire repeats the allegations of paragraphs 1 through 11 with the same force and effect as though set forth at length herein.

13. Under the terms of the Indemnity Agreement, Rosciti agreed, among other things, to deposit with U.S. Fire an amount of money equal to any reserve set by U.S. Fire in connection with any and all claims asserted against any bonds issued by U.S. Fire on behalf of South Shore, and to convey collateral to U.S. Fire as security for the full performance of the Indemnity Agreement.

14. In accordance with the terms of the Indemnity Agreement, U.S. Fire set up reserves to cover all claims, demands, liabilities, expenses, fees for counsel, consultants or experts under the bonds, including the claim asserted by Castle.

15. Despite his obligations under the Indemnity Agreement, Rosciti has failed to deposit collateral with U.S. Fire as security for the claims asserted against the bonds, including the claim asserted by Castle.

**WHEREFORE**, U.S. Fire demands judgment against Rosciti:

a. for damages, together with appropriate interest thereon;

b. for an order, directing Rosciti to place U.S. Fire with collateral in the form of money, property, liens or security interests in property, as determined by U.S. Fire to be ample collateral security for the outstanding obligations under the Indemnity Agreement, including the claim asserted by Castle;

c. for an order compelling Rosciti to pay reasonable attorneys' fees, costs of suit, and any other relief that the Court deems just and proper.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant/Third-Party Plaintiff,
By its Attorneys,

/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. # 649447
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January ___, 2008.

/s/ Stephen J. Brouillard