UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2008 FEB 13 A 11:35

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY, Plaintiff | : | |
| vs. | : | C.A. No.: 07-10686 |
| UNITED STATES FIRE INSURANCE COMPANY, Defendant/Third-Party Plaintiff | : | |
| vs. | : | |
| ANTHONY F. ROSCITI, JR., Third-Party Defendant | : | |

**ANTHONY F. ROSCITI, JR.'S ANSWER TO THIRD-PARTY PLAINTIFF'S COMPLAINT**

NOW COMES Third-Party Defendant, Anthony F. Rosciti, Jr. ("Rosciti"), by and through counsel, and hereby answers and responds to the allegations and averments set forth in Third-Party Plaintiff, United States Fire Insurance Company's ("U.S. Fire") Third-Party Complaint in connection with the above-action as follows:

**Parties**

1. Rosciti is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth Paragraph 1 of U.S. Fire's Third-Party Complaint, and, as such, leaves U.S. Fire to its burden of proof thereon. To the extent that an answer or response to said Paragraph 1 is required, Rosciti denies the same.

2. Rosciti admits only that he is a domiciled resident and inhabitant of the State of Rhode Island. Rosciti denies each and every remaining allegation and averments set forth in Paragraph 2 of U.S. Fire's Third-Party Complaint.

**Jurisdiction**

3. Rosciti can neither admit nor deny the allegations and averments set forth in Paragraph 3 of U.S. Fire's Third-Party Complaint insofar as said Paragraph 3 states conclusions of law to which no response is required. However, to the extent an answer or response to said Paragraph 3 is required, Rosciti denies the same.

**First Count**
**(Contractual Indemnification)**

4. Rosciti repeats and reasserts his answers and responses to Paragraphs 1 through 3 above as if the set forth were more fully herein, and, further, incorporates the same herein by reference.

5. Rosciti can neither admit nor deny the allegations and averments set forth in Paragraph 5 of U.S. Fire's Third-Party Complaint insofar as said Paragraph 5 states conclusions of law to which no response is required. Further, Rosciti can neither admit nor deny the allegations and averments set forth in said Paragraph 5 insofar as the terms and conditions of the so-called Indemnity Agreement speak for themselves. However, to the extent an answer or response to said Paragraph 5 is required, Rosciti denies the same.

6. Rosciti can neither admit nor deny the allegations and averments set forth in Paragraph 6 of U.S. Fire's Third-Party Complaint insofar as the same are not directed to Rosciti, in his individual capacity. Further, Rosciti can neither admit nor deny the allegations and averments set forth in said Paragraph 6 insofar as the terms and conditions of the so-called Payment Bond speak for themselves. To the extent an answer or response to said Paragraph 6 is required, Rosciti denies the same.

7. Rosciti can neither admit nor deny the allegations and averments set forth in Paragraph 7 of U.S. Fire's Third-Party Complaint insofar as the allegations and averments set

forth in Castle Equipment Company's ("Castle") Complaint herein speak for themselves. Further, Rosciti can neither admit nor deny the allegations and averments set forth in said Paragraph 7 insofar as the same are not directed to Rosciti, in his individual capacity. To the extent an answer or response to said Paragraph 7 is required, Rosciti denies the same.

8. Rosciti can neither admit nor deny the allegations and averments set forth in said Paragraph 8 of U.S. Fire's Third-Party Complaint insofar as the allegations and averments set forth in Castle's Complaint herein speak for themselves. Moreover, Rosciti can neither admit nor deny the allegations and averments set forth in said Paragraph 8 insofar as the same are not directed to Rosciti, in his individual capacity. To the extent an answer or response to said Paragraph 8 is required, Rosciti denies the same.

9. Rosciti is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth Paragraph 9 of U.S. Fire's Third-Party Complaint, and, as such, leaves U.S. Fire to its burden of proof thereon. To the extent that an answer or response to said Paragraph 9 is required, Rosciti denies the same.

10. Rosciti is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth Paragraph 10 of U.S. Fire's Third-Party Complaint, and, as such, leaves U.S. Fire to its burden of proof thereon. To the extent that an answer or response to said Paragraph 10 is required, Rosciti denies the same.

11. Rosciti denies the allegations and averments set forth in Paragraph 11 of U.S. Fire's Third-Party Complaint.

WHEREFORE, Rosciti respectfully prays that this Court dismiss, and deny, U.S. Fire's Third-Party Complaint, with prejudice, that this Court enter judgment in favor of Rosciti, and against U.S. Fire, upon U.S. Fire's Third-Party Complaint, that this Court award to Rosciti any

and all attorneys' fees, costs and/or other expenses incurred in the defense of U.S Fire's Third-Party Complaint, and that this Court award to Rosciti such other and further relief as this Court may deem, fair, just and reasonable.

**Second Count**
**(Demand for Collateral)**

12. Rosciti hereby repeats and reasserts his answers and responses to Paragraphs 1 through 11 above as if the same was set forth more fully herein and, further, incorporates the same herein by reference.

13. Rosciti neither admit nor deny the allegations and averments set forth in Paragraph 13 of U.S. Fire's Third-Party Complaint insofar as the terms and conditions of the so-called Indemnity Agreement speak for themselves. To the extent that an answer or response to said Paragraph 13 is required, Rosciti denies the same.

14. Rosciti is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth Paragraph 14 of U.S. Fire's Third-Party Complaint, and, as such, leaves U.S. Fire to its burden of proof thereon. To the extent that an answer or response to said Paragraph 14 is required, Rosciti denies the same.

15. Rosciti denies the allegations and averments set forth in Paragraph 15 of U.S. Fire's Third-Party Complaint.

WHEREFORE, Rosciti respectfully prays that this Court dismiss, and deny, U.S. Fire's Third-Party Complaint, with prejudice, that this Court enter judgment in favor of Rosciti, and against U.S. Fire, upon U.S. Fire's Third-Party Complaint, that this Court award to Rosciti any and all attorneys' fees, costs and/or other expenses incurred in the defense of U.S Fire's Third-Party Complaint, and that this Court award to Rosciti such other and further relief as this Court may deem, fair, just and meet.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

U.S. Fire's claims are precluded insofar as it has failed to state any claim(s) upon which relief may be granted.

### Second Affirmative Defense

Rosciti affirmatively pleads that U.S. Fire has failed to name a necessary and indispensable party as otherwise required by Rule 19 of the Federal Rules of Civil Procedure.

### Third Affirmative Defense

Rosciti affirmatively pleads unclean hands.

### Fourth Affirmative Defense

Rosciti affirmatively pleads doctrine of estoppel.

### Fifth Affirmative Defense

Rosciti affirmatively pleads waiver.

### Sixth Affirmative Defense

Rosciti affirmatively pleads breach of contract.

### Seventh Affirmative Defense

Rosciti affirmatively pleads negligence.

### Eighth Affirmative Defense

Rosciti affirmatively pleads misfeasance and/or malfeasance.

**Ninth Affirmative Defense**

Rosciti reserves the right to amend the within answer to add such additional affirmative defenses as may become known during the course of the instant litigation, as may be either necessary or appropriate.

Respectfully submitted,

Anthony F. Rosciti, Jr.

By his Attorneys,

Christopher M. Mulhearn (BBO #628626)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778
E-mail: cmulhearn@frlawri.com

Dated: February 11, 2008

**Jury Demand**

Third-Party Defendant, Anthony F. Rosciti, Jr. ("Rosciti") hereby demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class mail, prepaid postage upon the following on this 11th day of February, 2008:

**Stephen J. Brouilard, Esq.**
Orson & Brusini, Ltd.
325 Angell Street
Providence, RI 02903

**Scott K. DeMello, Esq.**
Lepizzera & Laprocina
301 Metro Center Boulevard, Suite 102
Warwick, RI 02886

Lois J. Verria