**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**NOTICE REGARDING**
**NEW LOCAL RULE 5.4 and MANDATORY ELECTRONIC FILING**
**EFFECTIVE JANUARY 1, 2006**

Local Rule 5.4 - This new Local Rule was adopted on October 3, 2005 to reflect the Court's determination that unless exempt or otherwise ordered by the Court, all pleadings or other papers submitted to the Court must be filed, signed, verified and served by electronic means. New Local rule 5.4 is effective on **January 1, 2006.**

Unless otherwise ordered by the Court, all attorneys must now file documents electronically. The only exceptions at this time are case opening documents and those listed below:

(a) sealed documents;
(b) ex parte motions;
(c) documents generated as part of an alternative dispute resolution (ADR) process;
(d) the administrative record in social security and other administrative proceedings;
(e) the state court record in proceedings under 28 U.S.C. § 2254; and
(f) such other types of documents as the clerk may direct in the ECF Administrative Procedures.

Prior Standing Orders are moot and courtesy copies should not be submitted unless specifically requested by a judicial officer.

The Court will make a public scanner and computer available for use in the Clerk's Offices in Boston and Worcester for those who do not have the necessary equipment or access to the Internet to file documents from their offices. Each attorney must obtain an ECF log-in and password by registering for electronic filing through the Court's web site. This notice will be sent to those attorneys still receiving notice in paper form and will be noted on the docket. Failure to register for ECF after receipt of this notice may result in sanctions.

/s/ *Sarah A. Thornton*
Sarah A. Thornton
Clerk of Court

Date: December 23, 2005

## RULE 5.4 FILING AND SERVICE BY ELECTRONIC MEANS

**(A) Electronic Filing Generally.** Unless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein.

**(B) ECF Administrative Procedures.** Subject to the supervision of the court, the clerk will maintain Electronic Case Filing (ECF) Administrative Procedures, including procedures for the registration of attorneys and other authorized users and for distribution of passwords to permit electronic filing. All electronic filings must be made in accordance with the ECF Administrative Procedures. The ECF Administrative Procedures will be generally available to the public and shall be posted on the court's web site.

**(C) Service of Pleadings.** Unless exempt or otherwise ordered by the court, all pleadings and other papers must be served on other parties by electronic means. Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user. Any pleading or other paper served by electronic means must bear a certificate of service in accordance with Local Rule 5.2(b).

**(D) Deadlines.** Although the ECF system is generally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation. All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day.

**(E) Civil Case Opening Documents.** Civil case opening documents, such as a complaint (or petition or notice of removal), summons, civil action cover sheet, or category sheet, must be filed and served in paper format, not electronically. Emergency motions and supporting materials presented contemporaneously with civil case opening documents may be filed and served initially in paper format and not electronically. Unless exempt or otherwise ordered by the court, at the time a civil case is opened, the filing party must also file a disk with the clerk’s office containing in PDF format the opening documents and any emergency motions and supporting papers not filed electronically.

**(F) State Court Record in Removal Proceedings.** Within thirty days after filing a notice of removal in a civil action, a party removing an action under 28 U.S.C. §§ 1441-52 must file certified or attested copies of all docket entries, records, and proceedings in the state court in paper format. Unless exempt or otherwise ordered by the court, the removing party must also file a disk with the clerk’s office containing the state court record in PDF format.

**(G) Exemptions.**

(1) *Documents That Should Not Be Filed Electronically*. The following types of documents must not be filed electronically, and will not be scanned into the ECF system by the clerk’s office:

(a) sealed documents;
(b) ex parte motions;
(c) documents generated as part of an alternative dispute resolution (ADR) process;
(d) the administrative record in social security and other administrative proceedings;
(e) the state court record in proceedings under 28 U.S.C. § 2254; and

(f) such other types of documents as the clerk may direct in the ECF Administrative Procedures.

(2) *Documents That Need Not Be Filed Electronically*. The following types of documents need not be filed electronically, but may be scanned into the ECF system by a filing party or the clerk's office:

(a) handwritten pleadings;
(b) documents filed by pro se litigants who are incarcerated or who are not registered ECF users;

(c) indictments, informations, criminal complaints, and the criminal JS45 form;
(d) affidavits for search or arrest warrants and related documents;
(e) documents received from another court under Fed. R. Crim. P. 20 or 40;
(f) appearance bonds;
(g) any document in a criminal case containing the original signature of a defendant, such as a waiver of indictment or a plea agreement;
(h) petitions for violations of supervised release;
(i) executed service of process documents under Rule 4; and
(j) such other types of documents as the clerk may direct in the ECF Administrative Procedures.