UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASTLE EQUIPMENT COMPANY,<br>Plaintiff<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br>Defendant<br><br>vs.<br><br>ANTHONY F. ROSCITI, JR.,<br>Third-Party Defendant | : | C.A. No.: 07 cv 10686 WGY |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO TRANSFER VENUE**

NOW COME the parties to the above-entitled action, and hereby submit the within memorandum in support of their accompanying motion to transfer venue. Simply put, the parties respectfully request that this Court transfer the instant matter to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § 1404(a).

In this action, Plaintiff, Castle Equipment Company ("Castle") is seeking to recover certain alleged damages under a payment bond issued by Defendant, United States Fire Insurance Company ("U.S. Fire"), as surety, on behalf of its principal, South Shore Utility Contractors, Inc. ("South Shore"), in connection with a certain public works construction project that occurred in Massachusetts (the "Massachusetts Project"). Castle alleges that it rented certain equipment to South Shore that was utilized and incorporated as part of the Massachusetts Project, and, further, that South Shore has failed to pay Castle for the equipment utilized on and/or incorporated as part of the same.

U.S. Fire's primary defense to liability in this matter is that Castle is not a proper claimant under the payment bond issued by U.S. Fire insofar as Castle's purported majority owner is Third-Party Defendant, Anthony F. Rosciti, Jr. ("Rosciti"), the same individual who also allegedly had an ownership interest in South Shore, the bond principal. Pursuant to the terms of a certain General Agreement of Indemnity, Rosciti is also an indemnitor to U.S. Fire for, among other things, alleged losses, costs and expenses incurred by U.S. Fire under any bonds issued by U.S. Fire on behalf of South Shore. As a result, U.S. Fire impleaded Rosciti into this case.

The same parties to this case are involved in a virtually identical lawsuit that is currently pending in the United States District Court for the District of Rhode Island, which said action is more commonly known, and identified, as Castle Equipment Company v. United States Fire Insurance Company v. Anthony F. Rosciti, Jr., C.A. No.: 07-89S (the "Rhode Island action"). The Rhode Island action differs only in that Castle's claim is against a payment bond issued by U.S. Fire on behalf of South Shore in connection with a public works construction project located in Rhode Island (the "Rhode Island Project"), and is for a separate and distinct amount than what is claimed herein. Aside from the location of the project, the amount claimed by Castle, and the different state law that may apply to each claim or defense, the parties, facts, claims and defenses are all the same.

On February 19, 2008, a settlement conference was conducted in the Rhode Island action before United States Magistrate Judge Robert W. Lovegreen. During the conference, Magistrate Judge Lovegreen inquired of counsel whether it would be in the best interests of judicial economy and efficiency to transfer the instant action to Rhode Island, and, upon doing so, move the Rhode Island Federal Court to consolidate it with the Rhode Island action. Counsel agreed

with this suggestion. A courtesy copy of the accompanying motion to transfer venue, as well as the within memorandum of law is being submitted to Magistrate Judge Lovegreen and United States District Judge William E. Smith, respectively, in follow-up to the February 19th conference.

Section 1404 of Title 28 of the United States Code provides, in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought. (Emphasis supplied.)

28 U.S.C. § 1404(a).

This action could have originally been brought in the District Court for the District of Rhode Island. U.S. Fire is not a citizen of Rhode Island so diversity jurisdiction would still exist in Rhode Island. Also, the Rhode Island Federal Court has personal jurisdiction over U.S. Fire. Moreover, the transfer of this matter with to Rhode Island:(i) would conserve judicial resources and promote judicial economy, (ii) be in the interests of justice by avoiding potentially inconsistent rulings on the same legal issues between the same parties, and (iii) be more convenient and efficient, yet less expensive, for the parties. For the reasons stated above, the parties jointly move this Court to exercise its discretion under 28 U.S.C. § 1404(a) to . Thus, a transfer of the instant matter to the United States District Court for the District of Rhode Island would appear to be prudent and appropriate given the attendant facts and circumstances.

**WHEREFORE**, the parties respectfully pray that this Court transfer the above-entitled action to the United States District Court for the District of Rhode Island, and further, that this Court award to the parties such other further relief as this Court may deem fair, just and reasonable.

UNITED STATES FIRE INSURANCE COMPANY

By its Attorneys,

/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. (BBO # 649447)
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

CASTLE EQUIPMENT COMPANY

By its Attorneys,

/s/ Scot K. DeMello
Scott K. DeMello (BBO #566981)
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
Tel.: (401) 739-7397
Fax: (401) 384-6950
Email: sdemello@lldlawyers.com

ANTHONY F. ROSCITI, JR.

By his Attorneys,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (BBO #628626)
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 465-4986
Email: cmulhearn@frlawri.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 4, 2008.

/s/ Stephen J. Brouillard