UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CASTLE EQUIPMENT COMPANY,<br>Plaintiff<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br>Defendant/Third-Party Plaintiff<br><br>vs.<br><br>ANTHONY F. ROSCITI, JR.,<br>Third-Party Defendant | C.A. No.: 07-00098-S-DLM |

## ANTHONY F. ROSCITI, JR.'S ANSWERS TO UNITED STATES FIRE INSURANCE COMPANY'S INTERROGATORIES

NOW COMES Third-Party Defendant, Anthony F. Rosciti, Jr. ("Rosciti"), under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and hereby answers Defendant/Third-Party Plaintiff, United States Fire Insurance Company's ("U.S. Fire") interrogatories propounded upon Rosciti in connection with the above action as follows:

Interrogatory No. 1: Provide the name, title and address of the individual answering these interrogatories.

Answer No. 1: Anthony F. Rosciti, Jr., President, Castle Equipment Company ("Castle"), 123 King Phillip Street, Johnston, Rhode Island, 02919.

Interrogatory No. 2: Identify the existence, custodian, location and general description of documents related to the financials, ownership, corporate structure, directors and officers of Castle.

DEFENDANT'S EXHIBIT
3
Clifford
PENGAD 800-631-6989

Answer No. 2: Objection. U.S. Fire's Interrogatory No. 2 is overly broad, vague, unduly burdensome, oppressive, invasive, seeks confidential or protected personal financial information, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, is not reasonably calculated to lead to the admission of discoverable evidence, and is not limited in time. Without waiving said objection, those documents and/or items responsive to this Interrogatory No. 2 are under the care and control of Castle, and, further, are located at 123 King Phillip Street, Johnston, Rhode Island, 02919. Further, see Responses Nos. 5 and 7, respectively, of my responses to U.S. Fire's Requests for Production of Documents.

Interrogatory No. 3: Identify the existence, custodian, location and general description of documents related to the financials, ownership, corporate structure, directors and officers of South Shore.

Answer No. 3: Objection. U.S. Fire's Interrogatory No. 3 is overly broad, vague, unduly burdensome, oppressive, invasive, seeks confidential or protected personal financial information, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, relates to a non-party to this litigation, and is not reasonably calculated to lead to the admission of discoverable evidence, and is not limited to time. Without waiving said objection, upon information and belief, the documents and/or items responsive to this Interrogatory No. 3 related to South Shore Utility Contractors, Inc. ("South Shore") are in the care, custody or control of Jonathan N. Savage, Esq., the duly Superior Court-appointed Permanent Receiver of South Shore. Further, see Responses to Nos. 6 and 8, respectively, of my responses to U.S. Fire's Requests for Production of Documents.

Interrogatory No. 4: Set forth the identity of each person that has a financial ownership or any other interest in Castle and, for each such person, describe in detail (i) the date in which the interest was acquired; (ii) the amount or extent of his or her interest; (iii) the nature of his or her interest; and (iv) the amount of dividends or other distribution received during the last three years.

Answer No. 4: Objection. U.S. Fire's Interrogatory No. 4 is overly broad, vague, unduly burdensome, oppressive, invasive, seeks confidential or protected personal financial information, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, and is not reasonably calculated to lead to the admission of discoverable evidence. Without waiving said objection, the documents and/or items responsive to this Interrogatory No. 4 are under the care and control of Castle, and, further, are located at 123 King Phillip Street, Johnston, Rhode Island, 02919. Moreover, I am the President and Treasurer of Castle, and, further, Daniel Clifford ("Clifford") is the Vice President and Secretary of Castle. At present, Clifford receives a salary of approximately $1,400.00 to $1,500.00 per week. I do not receive a salary or benefits from Castle at this time. From time to time, I do have use of a Castle company vehicle.

Interrogatory No. 5: Set forth the identity of each person that has a financial ownership or any other interest in South Shore and, for each such person, describe in detail (i) the date in which the interest was acquired; (ii) the amount or extent of his or her interest; (iii) the nature of his or her interest; and (iv) the amount of dividends or other distribution received during the last three years.

Answer No. 5: Objection. This Interrogatory No. 5 is overly broad, vague, unduly burdensome, oppressive, invasive, seeks confidential or protected personal financial information, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, relates to a non-party to this litigation, and is not reasonably calculated to lead to the admission of discoverable evidence. Without waiving said objection, the books and/or records responsive to this Interrogatory No. 5 relative to South Shore Utility Contractors, Inc. ("South Shore") are, to the best of my knowledge, in the care, custody or control of Jonathan N. Savage, Esq., the duly Superior Court-appointed Permanent Receiver of South Shore. I do not have any specific recollection that would enable me to answer this Interrogatory No. 5. I will seasonably supplement this answer, as may be necessary or appropriate, in accord with the applicable provisions of the Federal Court Rules of Civil Procedure.

Interrogatory No. 6: Set forth the identity of all directors and officers of Castle from the date of incorporation to the present, and for each such person, describe in detail (i) his or her title; (ii) the nature and scope of his or her employment and responsibilities; (iii) the length of time he or she was employed by Castle; and (iv) his or her compensation.

Answer No. 6: Objection. U.S. Fire's Interrogatory No. 6 is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and it is not limited in time. Without waiving said objection: Rosciti - President and Treasurer; and Clifford - Vice President and Secretary. Currently, Clifford receives a salary of approximately $1,400.00 to $1,500.00 per week. Clifford is responsible for conducting the day-to-day sales, leasing and rental activities of Castle. I "head" the business from an operations perspective, and,

further, conduct sales, leasing and rental activities on an as needed basis Clifford and I have been owners, and employees, of Castle since it was formed in or about 2004.

Interrogatory No. 7: Set forth the identity of all directors and officers of South Shore from the date of incorporation to the present, and for each such person, describe in detail (i) his or her title; (ii) the nature and scope of his or her employment and responsibilities; (iii) the length of time he or she was employed by South Shore; and (iv) his or her compensation.

Answer No. 7: U.S. Fire's Interrogatory No. 7 is overly broad, unduly burdensome, relates to a non-party to this litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure. Without waiving said objection: I was the President and Treasurer of South Shore, and Henry Rosciti, Jr. ("H. Rosciti") was the Secretary for South Shore. H. Rosciti and I started South Shore in or around 1999 or 2000. South Shore employed approximately one hundred twenty (120) employees between its inception and April, 2006, when it was forced into a receivership proceeding. The Superior Court-appointed Permanent Receiver of South Shore, John N. Savage, Esq., has possession of South Shore's books and records. As of the time South Shore was placed into receivership, I received a salary of approximately $60,000.00 per year, and H. Rosciti received a salary of approximately $50,000.00 to $55,000.00 per year. I oversaw the day-to-day operations of South Shore, and generally oversaw the various projects being performed by South Shore. H. Rosciti primarily oversaw the operation and maintenance of South Shore's fleet of vehicles.

Interrogatory No. 8: Identify the date(s) of each and every South Shore shareholder and/or director meeting that took place in the last five years and, for each meeting, identify (i) the

date of the meeting; (ii) the person(s) present at the meeting; and (iii) the nature and/or scope of the meeting.

Answer No 8: Objection. This Interrogatory No. 8 is overly broad, unduly burdensome, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, relates to a non-party to this litigation, and is not reasonably calculated to lead to the admission of discoverable evidence. Without waiving said objection, the books and/or records responsive to this Interrogatory No. 8 are, to the best of my knowledge, in the care, custody or control of Jonathan N. Savage, Esq., the duly Superior Court-appointed Permanent Receiver of South Shore. I do not have any specific recollection that would enable me to answer this Interrogatory No. 8. Moreover, South Shore did not hold formally scheduled shareholder/director meetings. I will seasonably supplement this answer, as may be necessary or appropriate, in accord with the applicable provisions of the Federal Court Rules of Civil Procedure.

Interrogatory No. 9: Identify the date(s) of each and every Castle shareholder and/or director meeting that took place in the last three years and, for each meeting, identify (i) the date of the meeting; (ii) the person(s) present at the meeting; and (iii) the nature and/or scope of the meeting.

Answer No. 9: Objection. U.S. Fire's Interrogatory No. 9 is overly broad, unduly burdensome, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, and is not reasonably calculated to lead to the admission of discoverable evidence. Without waiving said objection, Castle did not hold formally scheduled shareholder/director meetings.

Interrogatory No. 10: Identify all financial contributions made by you to South Shore valued at more than $1,000 from the date of incorporation to the present, including, but not limited to, any loans, mortgages and/or donations, and for each such contribution, identify (i) the date of the contribution; (ii) the nature and purpose of the contribution; (iii) the amount of the contribution; and (iv) whether the contribution was repaid, in whole or in part.

Answer No. 10: Objection. U.S. Fire's Interrogatory No. 10 is overly broad, vague, unduly burdensome, oppressive, invasive, seeks confidential or protected personal financial information, relates to a non-party to the instant litigation, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedures, is not reasonably calculated to lead to the discovery of admissible evidence, and is not limited in time. Without waiving said objection, I have no specific recollection at this time that would enable me to answer this Interrogatory No. 10. Moreover, any documents and/or items that may aid of refreshing my recollection and/or enable me to be responsive to this Interrogatory No. 10 are in the care, custody and/or control of Jonathan N. Savage, Esq., the duly Superior Court-appointed Permanent Receiver of South Shore.

Interrogatory No. 11: Identify all financial contributions made by any other person(s) to South Shore valued at more than $1,000 from the date of incorporation to the present, including, but not limited to, any loans, mortgages and/or donations, and for each such contribution, identify (i) the date of the contribution; (ii) the nature and purpose of the contribution; (iii) the amount of the contribution; and (iv) whether the contribution was repaid, in whole or in part.

Answer No. 11: Objection. U.S. Fire's Interrogatory No. 11 is overly broad, vague, unduly burdensome, oppressive, invasive, seeks confidential or protected personal financial

information, relative to a non-party to the instant litigation, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, is not reasonably calculated to lead to the discovery of admissible evidence, and is not limited in time. Without waiving said objection, I have no specific recollection at this time that would enable me to answer this Interrogatory No. 11. Moreover, the documents and/or items that may aid in refreshing my recollection and/or be responsive to this interrogatory are in the care, custody and/or control of Jonathan N. Savage, Esq., the Superior Court appointed Permanent Receiver of South Shore.

Interrogatory No. 12: Set forth in detail all facts which you support your first affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 12: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 13: Set forth in detail all facts which support your second affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 13: Objection. U.S. Fire's Interrogatory No. 13 calls for a legal conclusion, opinion and/or explanation, which I am not qualified to provide. Without waiving said objection, insofar as it is my understanding that U.S. Fire has denied Castle's claims for payment on certain payment bonds as a result of my ownership interest in South Shore, and thus, South Shore should have also been named as a party to the instant litigation. Additionally, it is

my understanding that H, Rosciti is also named indemnitor on the General Agreement of Indemnity that is the subject of U.S. Fire's Third-Party Complaint.

Interrogatory No. 14: Set forth in detail all facts which support your third affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 14: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 15: Set forth in detail all facts which support your fourth affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 15: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 16: Set forth in detail all facts which support your fifth affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 16: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 17: Set forth in detail all facts which support your sixth affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 17: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 18: Set forth in detail all facts which support your seventh affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 18: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 19: Set forth in detail all facts which support your eighth affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 19: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 20: Set forth in detail all facts which support your ninth affirmative defense. Identify and attach hereto a copy of all documents which you rely upon to support these allegations.

Answer No. 20: Objection. U.S. Fire's Interrogatory No. 12 calls for a legal conclusion, opinion, and/or explanation, which I am not qualified to provide. Without waiving said objection, I defer to my legal counsel as to this interrogatory.

Interrogatory No. 21: Do you acknowledge that you executed the General Agreement of Indemnity attached as Exhibit A to the third-party Complaint? If not, set forth in detail all facts which support your position.

Answer No. 21: I did sign the General Agreement of Indemnity that is appended to U.S. Fire's Third-Party Complaint as Exhibit A.

Interrogatory No. 22: Do you dispute the validity of the General Agreement of Indemnity attached as Exhibit A to the third-party Complaint? If so, set forth in detail all facts which support your position.

Answer No.22: I do not dispute that I signed the General Agreement of Indemnity appended to U.S. Fire's Third-Party Complaint as Exhibit A.

Interrogatory No. 23: Set forth in detail all facts which support your denial of the allegations set forth in Paragraph 10 of the third-party Complaint.

Answer No. 23: My answer to the allegations and averments set forth in Paragraph 23 of U.S. Fire's Third-Party Complaint was not an "outright" denial, but instead I pled in my answer that I am "without sufficient information and knowledge to form a belief as to the truth or veracity" of said allegations and averments.

Interrogatory No. 24: Identify and describe any and all agreements to which you are a party related to the formation, organization and/or incorporation of South Shore.

Answer No. 24: Objection. This Interrogatory No. 24 is overly broad, vague, unduly burdensome, oppressive, invasive, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, relates to a non-party to this litigation, and is not reasonably calculated to lead to the admission of discoverable evidence. Without waiving said objection, the documents and/or items related to South Shore that are responsive to this Interrogatory No. 24 are in the custody, care and control of Jonathan N. Savage, Esq. the duly Superior Court-appointed Permanent Receiver of South Shore.

Interrogatory No. 25: Identify and describe any and all agreements to which you are a party related to the formation, organization and/or incorporation of Castle.

Answer No. 25: Objection. This Interrogatory No. 25 is overly broad, vague, unduly burdensome, oppressive, invasive is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure, is not reasonably calculated to lead to the admission of discoverable evidence, and is not limited in time. Without waiving said objection, the documents and/or items related to Castle that are responsive to this Interrogatory No. 25 are in the custody, care and control of Castle, and, further, are located at 123 King Phillip Street, Johnston, Rhode Island, 02919. Further, please see my Response Nos. 5 and 7, respectively, of my responses to U.S. Fire's Request for Production of Documents.

Interrogatory No. 26: Identify and describe any and all expenses paid on your behalf by South Shore from the date of incorporation to the present, including, without limitation, payments for vehicles, food, lodging, travel and/or entertainment of any kind.

Answer No. 26: Objection. U.S. Fire's Interrogatory No. 26 is overly broad, vague, unduly burdensome, oppressive, invasive, seeks confidential or protected personal financial

information, relates to a non-party to the instant litigation, is beyond the permissible scope of discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedures, is not reasonably calculated to lead to the discovery of admissible evidence, and is not limited in time. Without waiving said objection, I have no specific recollection at this time that would enable me to answer this Interrogatory No. 26. Moreover, any documents and/or items that may aid of refreshing my recollection and/or enable me to be responsive to this Interrogatory No. 10 are in the care, custody and/or control of Jonathan N. Savage, Esq., the duly Superior Court-appointed Permanent Receiver of South Shore.

Interrogatory No. 26: State whether you contend that any admissions and/or declarations against interest were made by any party to this litigation or their representative. With respect to each such admission, set forth: (a) the substance of the admission. If written, attach a copy of the particular documents(s); (b) the name, title and position of the person making the admission; (c) the name, title and position of the person to whom the admission was made; (d) the identity and position of any person(s) present when the admission was made; and (e) the date of the admission.

Answer No. 26: I am not aware of any admissions or declarations against interest at this time.

[signature]
Anthony F. Rosciti, Jr.

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

SUBSCRIBED AND SWORN to
before me this 29th day of May, 2008.

[signature], Moshe Berman # 61728
Notary Public
My commission expires: 2/14/2012

As to Objections:

Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778
Email: cmulhearn@frlawri.com

Dated: May 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via e-mail upon the following on this 29th day of May, 2008:

Stephen J. Brouilard, Esq.
**Orson & Brusini, Ltd.**
325 Angell Street
Providence, RI 02903

Scott K. DeMello, Esq.
Christopher Potter, Esq.
**Lepizzera & Laprocina**
301 Metro Center Boulevard, Suite 102
Warwick, RI 02886

Christopher E. Kunkel, Esq.
Adam R. Schwartz, Esq.
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075