# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. B07-357

[SEAL]

RECEIVED

MAR 23 2007

MELISSA AU MICK
SUPPORT DEPARTMENT

CASTLE EQUIPMENT COMPANY, Plaintiff (s)

v.

UNITED STATES FIRE INSURANCE COMPANY, Defendant(s)

(TO PLAINTIFF'S ATTORNEY: PLEASE INDICATE TYPE OF ACTION INVOLVED:— TORT — MOTOR VEHICLE TORT — CONTRACT — X EQUITABLE RELIEF — OTHER.)

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## SUMMONS

To the Above-Named Defendant:

You are hereby summoned and required to serve upon Scott K. DeMello plaintiff's attorney, whose address is 301 Metro Center Blvd., #102, Warwick, RI; an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 15th day of March, in the year of our Lord two thousand and Seven.

Marc J. Santos, Esq.
Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

880 24

EXHIBIT
A

03/28/2007 WED 10:34 [TX/RX NO 9714] 001

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) B07-357 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S) Castle Equipment Co

BRISTOL, SS SUPERIOR COURT FILED MAR - 2 2007 MARC J. SANTOS, ESQ. CLERK/MAGISTRATE

DEFENDANT(S) State Farm Insurance Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Scott K. DeMello, Lepizzera & Laprocina, 301 Metro Center Blvd. Suite 102, Warwick, RI 02886

Board of Bar Overseers number: 566981

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E09 | 149 §29 Bond | (A) | ( ) Yes (X) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $..........
2. Total Doctor expenses .......... $..........
3. Total chiropractic expenses .......... $..........
4. Total physical therapy expenses .......... $..........
5. Total other expenses (describe) .......... $..........

Subtotal $..........

B. Documented lost wages and compensation to date .......... $..........
C. Documented property damages to date .......... $..........
D. Reasonably anticipated future medical and hospital expenses .......... $..........
E. Reasonably anticipated lost wages .......... $..........
F. Other documented items of damages (describe)

$..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$..........

TOTAL $..........

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
M.G.L. c. 149 §29 Bond Claim. Equipment provided on Public Project. Equipment supplier was not paid

TOTAL $. 233,396.38

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature] DATE: 3/2/07

TC-6 mtc005-11/99
A.O.S.C. 1-2000

03/28/2007 WED 10:34 [TX/RX NO 8714] 004

**Commonwealth of Massachusetts**
**The Trial Court**
**Superior Court Department**

FILED
MAR - 2 2007
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

**Bristol, ss:** **Civil Action No: B07-357**

**Castle Equipment Company,**
**Plaintiff**

**v.**

**United States Fire Insurance Company,**
**Defendant**

**COMPLAINT**

1. Plaintiff, Castle Equipment Company (hereinafter "Castle") is a Rhode Island Corporation with a usual place of business located in Johnston, Rhode Island.

2. Defendant United States Fire Insurance Company (hereinafter "USFIC") is a surety company licenses to do business in the Commonwealth of Massachusetts.

3. Castle entered into a contract with South Shore Utility Contractors (hereinafter "South Shore") to lease and sell equipment for the Earle Street Sewer Project (hereinafter "Project") located in New Bedford, Massachusetts.

4. USFIC as surety and South Shore as principal issued a Payment Bond pursuant to G.L. c. 149, section 29 for the Project.

5. Castle leased and sold equipment to South Shore on the Project.

6. The cost of the equipment that Castle leased and sold to South Shore was $233,396.38.

7. South Shore has not made any payments to Castle for the equipment that it was sold and leased.

8. Castle made demand upon USFIC for payment of the outstanding sums and USFIC has not paid Castle.

9. This action has been brought within one (1) year of Castle last providing equipment to South Shore.

10. All conditions precedent to the maintenance of this action have been performed.

Where bro, Cast.e Equipment Company demands judgment against USFIC for the full amour of its damages together with interest, attorney's fees and such other and further relief a this Court deems just and fair.

Respe tfully submitted,

Scott I . DeMell (BBO#566981)
Lepizz ra & Laprocina
301 M tro Center Blvd., Suite 102
Warwi k, RI 02886

Dated Ma ch 2, 2007