Exhibit "B"

# LABOR AND MATERIALS BOND

Bond #6102466659

(NOTE: This Bond is issued simultaneously with the attached Performance Bonds in favor of the Owner.)

KNOW ALL MEN BY THESE PRESENTS:

That we, South Shore Utility Contractors, Inc.
(an individual, a partnership, a corporation)

duly organized under the Laws of the State (or Commonwealth) of Rhode Island

having a usual place of business at PO Box 19610, Johnston, RI 02919

as Principal, and United States Fire Insurance Co. a corporation duly organized

under the Laws of the State (or Commonwealth) of Delaware

and duly authorized to do business in the State(or Commonwealth) of Rhode Island

and having a usual place of business at 60 State St., Boston, MA 02109, as Surety, are holden and stand firmly bound and obligated unto the **Town of Burrillville, Rhode Island, acting by and through its Board of Sewer Commissioners**, as obligee, in the sum of

Two Million Twenty Six Thousand Three Hundred Fifty Two Dollars and 50/100 ($2,026,352.50)

lawful money of the United States of America, to and for the true payment whereof we bind ourselves and, each of us, our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal, be means of a written AGREEMENT (which together with the Contract Documents in said AGREEMENT referred to are collectively sometimes referred to as the "Contract") dated MARCH 1, 2005, has entered into a contract with the said obligee for **Town of Burrillville, Rhode Island, Glendale Village Sanitary Sewers and Appurtenant Work, Contract No. 19A-2**, a copy of which agreement is attached hereto and by references made a part hereof.

NOW, THEREFORE, THE CONDITION of this obligation is such, that if the Principal shall promptly make payments to all claimants as hereinafter defined, for all labor performed or furnished and for all materials and equipment furnished for or used in or in connection with the Work called for by said AGREEMENT and/or Contract and any modifications thereof, including lumber used but not incorporated in said Work, and for the rental or hire of vehicles, tools and other appliances and equipment furnished for or used in connection with said Work, this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(a) A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the Principal for labor, materials and/or equipment used or reasonably required for use in the performance of the said Work, labor and materials being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental or equipment directly applicable to the said AGREEMENT and/or Contract and any modifications thereof.

(b) The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials or equipment were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due, claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

(c) No suit or action shall be commenced hereunder by any claimant.

Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: the Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials or equipment for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials or equipment were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the said Work is located, save that such service need not be made by a public officer;

After the expiration of one (1) year following the date on which the Principal ceased work on said AGREEMENT and/or Contract and any modifications thereof, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the State in which the said Work, or any part thereof, is situated, or in the United States District Court for the district in which the said Work, or any part thereof; is situated, and not elsewhere.

(d) The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics liens which may be filed of record against said AGREEMENT and/Contract or said Work, whether or not claim for the amount of such lien be presented under and against this bond.

The surety, for value received, agrees further that no changes in, omissions from, or alterations, modifications or additions to the terms and provisions of said AGREEMENT and/or Contract or the Work to be performed thereunder; and that no extensions of time given or changes made in the manner or time of making payments thereunder, shall in any way affect the Surety's obligations on this Bond, and the Surety hereby waives notice of any such changes, omissions, alterations, modifications, additions or extensions.

IN WITNESS WHEREOF, we have hereunto set our hands and seals to Six (6) counterparts of this Bond, this 1st day of MARCH, in the year Two Thousand and Five.

South Shore Utility Contractors Inc (SEAL)
Principal

(SEAL)
Principal

(SEAL)
Principal

United States Fire Insurance Co (SEAL)
Surety

Beryl A. Finn (SEAL)
Surety Beryl A. Finn - Attorney-in-fact

NOTE:
If the Principal (Contractor) is a partnership, the Bond should be signed by each of the partners.

If the Principal (Contractor) is a corporation, the Bond should be signed in its correct corporate name by its duly authorized officer or officers.

If this Bond is signed on behalf of the Surety by an attorney-in-fact, there should be attached to it a duly certified copy of his power of attorney showing his authority to sign such Bonds.

There should be executed an approximate number of counterparts of the Bond corresponding to the number of counterparts of the AGREEMENT.

Date of Bond must not be prior to the date of Contract.

**Important**

Surety Companies executing BONDS must appear on the Treasury Department's most current list (Circular 570 as amended) and be authorized to transact business in the state where the PROJECT is located.

The attention of the Surety Companies and Principal executing this Labor and Materials Bond is directed to the fact that said Bond shall remain in full effect throughout the life of any guaranty or warranty periods stipulated in the Contract Documents and/or Agreement.

# CERTIFICATE OF ACKNOWLEDGMENT OF CONTRACTOR IF A CORPORATION
## For CONTRACT BONDS

State of RHODE ISLAND )

) ss:

County of PROVIDENCE )

On this 28TH day of FEBRUARY, 20 05, before me personally came ANTHONY ROSCITI JR. to me known, who being by me duly sworn, did depose and say as follows:

That he resides at 44 MARIA AVENUE JOHNSTON, RI 02919

and is the PRESIDENT

of SOUTH SHORE UTILITY CONTRACTORS, INC.

the corporation described in and which executed the foregoing instrument; that he knows the corporate seal of said corporation; that the seal affixed to the foregoing instrument is such corporate seal and it was so affixed by order of the Board of Directors of said corporation; and that by the like order he signed thereto his name and official designation.

Notary Public (Seal)

My commission expires 2-14-07

POLICY NUMBER: 6102466659 IL 09 85 01 03

THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY IN RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK INSURANCE ACT OF 2002. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.

# DISCLOSURE PURSUANT TO TERRORISM RISK INSURANCE ACT OF 2002

SCHEDULE*

| |
|---|
| Terrorism Premium (Certified Acts) $ 0<br><br>Additional Information, if any, concerning the terrorism premium: |
| * Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations. |

**A. Disclosure Of Premium**

In accordance with the federal Terrorism Risk Insurance Act of 2002, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to coverage for terrorist acts certified under that Act. The portion of your premium attributable to such coverage is shown in the Schedule of this endorsement or in the policy Declarations.

**B. Disclosure Of Federal Participation In Payment Of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. The federal share equals 90% of that portion of the amount of such insured losses that exceeds the applicable insurer retention.

 © ISO Properties, Inc., 2003 

POWER OF ATTORNEY 227675

UNITED STATES FIRE INSURANCE COMPANY
PRINCIPAL OFFICE, WILMINGTON, DELAWARE

KNOW ALL MEN BY THESE PRESENTS: That the UNITED STATES FIRE INSURANCE COMPANY a Corporation duly organized and existing under the laws of the State of Delaware, and having its administrative offices in the Township of Morris, New Jersey, has made, constituted and appointed, and does by these presents make, constitute and appoint **L. Robert DeSanctis, Gregory D. Juwa, James J. Axon, Michael F. Carney, Wilder Parks, Jr., Michael T. Gilbert, Adam W. DeSanctis, Christine B. Dean, Bryan F. Juwa, Beryl A. Finn, and David A. Boutiette, of Woburn, Massachusetts, each**

its true and lawful Agent(s) and Attorney(s)-in-Fact, with full power and authority hereby conferred in its name, place and stead, to execute, seal, acknowledge and deliver: Any and all bonds and undertakings---

and to bind the Corporation thereby as fully and to the same extent as if such bonds had been duly executed and acknowledged by the regularly elected officers of the Corporation at its offices in Morris Township, New Jersey, in their own proper persons.

This Power of Attorney limits the act of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind the Company except in the manner and to the extent therein stated.

This Power of Attorney revokes all previous powers issued in behalf of the attorney(s)-in-fact named above.

IN WITNESS WHEREOF the United States Fire Insurance Company has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this 23rd day of September, 2004.

Attest: [signature]
Assistant Secretary
David Pesce

UNITED STATES FIRE INSURANCE COMPANY
[signature]
Senior Vice President
Peter J. Daly

STATE OF NEW JERSEY)
ss.:
COUNTY OF MORRIS )

On this 23rd day of September, 2004, before the subscriber, a duly qualified Notary Public of the State of New Jersey, came the above-mentioned Vice President and Assistant Secretary of United States Fire Insurance Company, to me personally known to be the officers described in, and who executed the preceding instrument, and they acknowledged the execution of the same, and being by me duly sworn, deposed and said, that they are the officers of said Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and the said Corporate Seal and their signatures as officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my seal at the Township of Morris, the day and year first above written.

(Signed)
(Seal)

CATHERINE A. SINCAVAGE NOTARY PUBLIC NEW JERSEY

[signature]
Notary Public

Catherine A Sincavage
Notary Public of New Jersey
My Commission Expires July 12, 2009