**United States District Court**
**for the District of Rhode Island**

Castle Equipment Company,
Plaintiff

v.

Civil Action No. 07-98S
(Consolidated)

United States Fire Insurance Company,
Defendant/Third Party Plaintiff

v.

Anthony F. Rosciti, Jr.,
Third Party Defendant

# CASTLE EQUIPMENT COMPANY'S RESPONSE TO U.S. FIRE INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS

Plaintiff, Castle Equipment Company, pursuant to Fed.R.Civ.P. 56 and LR cv 56 (a)(4), submits this response to U.S. Fire Insurance Company's Statement of Undisputed Facts.

## I. South Shore Utility Contractors, Inc.

### A. The Indemnity Agreements and Bonds

1. Admits.

2. Admits.

3. Admits.

4. Castle admits that Rosciti entered into an Indemnity Agreement with U.S. Fire and that the Indemnity Agreement purports to indemnify U.S. Fire for " all loses" resulting from the issuing of the bonds on behalf of South Shore. Castle further states that the interpretation of the Indemnity Agreement is a matter of law and not a statement of fact, and it is irrelevant to the issues presented by U.S. Fire's Motion for Summary Judgment.

5. Admits.

6. Admits.

### B. South Shore's Receivership and Losses Incurred by U.S. Fire

7. Castle responds that it believes South Shore was placed in receivership in May 2006.

8. Admits.

9. Admits.

## II. Castle Equipment Company

### A. Corporate Offices and Responsibilities

10. Admits.

11. Admits.

12. Admits.

13. Admits.

### B. Claims by Castle under Earle Street Bond and Glendale Village Bond

14. Castle responds that it did not "allegedly" rent equipment to South Shore it did rent equipment to South Shore for both projects. U.S. Fire has not presented any evidence that shows that Castle did not rent any equipment to South Shore for both projects.

15. Admits.

### C. Rosciti's Ownership and Control of South Shore and Castle

16. Admits.

17. Admits.

18. Castle denies that it had a "policy" to cease renting equipment to clients that failed to pay past due rental charges. The question and answers cited by U.S. Fire do not support the factual assertion. Customer accounts were addressed on a case by case basis. See DeMello aff. para 12, Exhibit "C".

19. Castle denies that it had a "policy" as ascribed by U.S. Fire. See response to number 18 above. Castle further responds that Castle's factual assertion is not supported by the answers cited. In addition to Rosciti's ownership Clifford answered that the decision to continue renting to South Shore was jointly made by

Clifford and Rosciti and that they continued to rent to South Shore because he always thought Castle was going to get paid.

## III. Rosciti's Indemnity obligations to U.S. Fire

20. Admits.

21. Admits.

22. Castle admits that Rosciti is required to indemnify U.S. Fire under the Indemnity Agreement, however, the nature and extent of the indemnification requires the interpretation of the Indemnity Agreement that is a matter of law and irrelevant to the issues presented by U.S. Fire's Motion for Summary Judgment.

Respectfully submitted,
Plaintiff Castle Equipment
By and through his attorneys,

/s/

Lepizzera & Laprocina Counsellors at Law, Ltd.
Michael Lepizzera #4995
Christian Potter # 5359
117 Metro Center Blvd. Suite 2001
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950
Email: mlepizzera@leplap.com
Email: cpotter@leplap.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2008 this document has been filed electronically with the Court, is available for viewing and down loading from the ECF system, and has been served upon registered counsel through the ECF system and upon the following counsel by first class mail, postage prepaid:

Christopher Kunkel
McElroy Deutsch Mulvaney & Carpenter LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962

Adam R. Schwartz
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962

__/s/______________________
Michael Lepizzera